IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

RONALD WEAVER,
                                              Civil No. 99-1045-ST
        Petitioner,

     v.

JOAN PALMATEER,
                                         FINDINGS AND RECOMMENDATION
        Respondent.


        Todd H. Grover
        Attorney at Law
        143 SW Shevlin-Hixon Drive, Suite 203
        Bend, Oregon 97702

             Attorney for Petitioner

        Hardy Myers
        Attorney General
        Jacqueline Sadker
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

             Attorneys for Respondent


     1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

This terminated 28 U.S.C. § 2254 habeas corpus action comes before the court on petitioner's Motion for Relief from the Superceding Judgment (docket #154). For the reasons which follow, petitioner's Motion should be granted.

## BACKGROUND

Petitioner previously filed this case seeking habeas corpus relief from his state convictions in Clackamas County for Rape in the First Degree and Sodomy in the First Degree. In his Amended Petition for Writ of Habeas Corpus, petitioner raised three grounds for relief: (1) trial counsel rendered ineffective assistance in several respects; (2) the trial court failed to adequately warn petitioner of the possibility of consecutive sentences; and (3) the prosecutor impermissibly violated the plea agreement.

On July 28, 2003, the court issued a Findings and Recommendation in which it recommended that the District Court grant habeas corpus relief on the basis that petitioner suffered from the ineffective assistance of counsel. In doing so, the court specifically noted that "[i]n light of the court's finding that [trial counsel] provided petitioner with the ineffective assistance of counsel, and its recommendation that he receive a new trial, the court need not reach petitioner's claims of trial court error or prosecutorial misconduct." Findings and Recommendation (docket #75), p. 38.

2 - FINDINGS AND RECOMMENDATION

U.S. District Judge Garr M. King adopted the Findings and Recommendation without modification on September 24, 2004. However, in an Opinion filed July 17, 2006, the Ninth Circuit Court of Appeals reversed the District Court's decision. *Weaver v. Palmateer*, 455 F.3d 958 (9th Cir. 2006), *cert. denied*, 128 S. Ct. 177 (2007). In a footnote within its Opinion, the Court of Appeals noted that "Weaver does not argue on appeal *all* of the issues raised in his habeas petition -- namely, the claims of error by the trial court and misconduct by the prosecutor. We consider such claims to have been waived." 455 F.3d at 963, n.5 (italics in original). The Court of Appeals therefore remanded the case to the District Court with instructions to dismiss the Amended Petition in its entirety. *Id* at 972.

Petitioner and his attorney began working on his Petition for Rehearing *En Banc*, but the attorney-client relationship deteriorated to the point that counsel withdrew from the case. Declaration of Todd Grover, ¶ 6. Petitioner's new attorney, Todd Grover, received his appointment on December 18, 2006, and made his first appearance as counsel of record on January 3, 2007. *Id*, ¶ 6 and Att. 1. At that time, the Petition for Rehearing was due on January 11, 2007, and the Court of Appeals had previously ordered that no further extensions of time would be allowed. *Id*, ¶ 7. Counsel was nevertheless able to obtain a final two-week extension in which to file the Petition for Rehearing. *Id.*

3 - FINDINGS AND RECOMMENDATION

Petitioner timely filed his Petition for Rehearing on January 25, 2007, but did not raise any issue with respect to the panel's disposition of his claims of trial court error and prosecutorial misconduct. *Id*, ¶ 10 and Att. 2. The Court of Appeals denied the Petition for Rehearing on March 15, 2007 and issued its Mandate on March 23, 2007. *Id*, ¶ 10 and Att. 1.

On March 26, 2007, this court received the Court of Appeals' Judgment and followed its instruction to dismiss the Amended Petition by entering a Superceding Judgment dated March 30, 2007. *Id*, ¶ 11. On June 13, 2007, petitioner sought *certiorari* in the Supreme Court, but the Supreme Court denied review on October 1, 2007. *Id*, ¶ 12; *Weaver*, 128 S. Ct. 177.

Petitioner filed his Motion for Relief from the Superceding Judgment on March 29, 2008 asking the court to vacate the Superceding Judgment and consider the merits of his unadjudicated claims. Respondent contends that reconsideration is improper for the following reasons: (1) the District Court is strictly bound by the decisions of the Ninth Circuit; (2) counsel's request is untimely; and (3) counsel's failure to raise the issue regarding the unadjudicated claims to the Court of Appeals does not justify relief from the Superceding Judgment.

## **STANDARDS**

Fed. R. Civ. P. 60(b) allows the court to reconsider and amend a previous order in narrow circumstances. Under Fed. R. Civ. P.

4 - FINDINGS AND RECOMMENDATION

60(b), a litigant may seek relief from an order or judgment based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Reconsideration of a prior ruling is appropriate where a litigant can show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004).

## DISCUSSION

The first issue the court must address is whether it possesses the authority to reopen this action for further proceedings in light of the Ninth Circuit's Mandate calling for dismissal of this case. "[A]lthough lower courts are obliged to execute the terms of a mandate, they are free as to 'anything not foreclosed by the mandate.'" *U.S. V. Kellington*, 217 F.3d 1084, 1092-93 (9th Cir. 2000) (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)). A district court construing a mandate "may consider the opinion the mandate purports to enforce as well as the procedural posture and the substantive law from which it arises." *Id.* "[T]he ultimate task is to distinguish matters that have been

decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not. . . ."  *Id.*

When this court declined to reach petitioner's claims of trial court error and prosecutorial misconduct given its recommendation to grant habeas relief on his ineffective assistance of counsel claims, it did so with the understanding that any future reversal by the Ninth Circuit would lead to further proceedings on the unadjudicated claims.  *See Blazak v. Ricketts*, 971 F.2d 1408, 1414 (9th Cir. 1992) ("In the event this court reverses the district court's determination, we will have to remand for resolution of the [unadjudicated] sentencing issues and presumably await the next appeal.").  It is unclear why the Court of Appeals declined to remand the unadjudicated claims for consideration on the merits because such a decision is at odds with its Opinion.  Where, as here, a court is confronted with issues that were never considered by the remanding court, "'mandates require respect for what the higher court decided, not for what it did not decide.'" *Kellington*, 217 F.3d at 1084 (quoting *Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir. 1997)).

Respondent directs this court's attention to *U.S. v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007), in which the Court of Appeals concluded that mandates in this Circuit are jurisdictional. But in *Thrasher*, the Court of Appeals decided the ineffective assistance of counsel issue and remanded for a single purpose, namely an

6 - FINDINGS AND RECOMMENDATION

evidentiary hearing on one disputed fact. "This reflected [the Ninth Circuit's] determination that the district court had 'properly rejected' Thrasher's remaining arguments" concerning ineffective assistance of counsel. *Id* at 980. In contrast, the case at bar involves three distinct issues, only one of which was ever considered on the merits.

Because petitioner's claims of trial court error and prosecutorial misconduct were never decided on the merits, this court retains jurisdiction over those claims. *Kellington*, 217 F.3d at 1084. Therefore, petitioner's Motion is not foreclosed by the Mandate, and this court must now address whether relief from the Superceding Judgment is appropriate under the facts of this case.

Respondent argues that counsel's omission of any argument pertaining to the unadjudicated claims in the Petition for Rehearing does not arise to the level of excusable neglect under FRCP 60(b)(1). When deciding whether neglect is "excusable," the court considers "the danger of prejudice to the [respondent], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

This is not a case where petitioner could have reasonably raised the problem pertaining to the unresolved claims in his Petition for Rehearing given the strict timeline to which he was

7 - FINDINGS AND RECOMMENDATION

held following his late substitution into the case. Had the Ninth Circuit been presented with the issue in the Petition for Rehearing, it presumably would have elected to remand the case for further proceedings on petitioner's remaining claims. Unfortunately, it did not have that opportunity.

It is undisputed that petitioner's Motion for Relief from the Superceding Judgment is made in good faith. But respondent asserts that prejudice and timeliness weigh in her favor because any relief from the Superceding Judgment will compromise finality, traumatize petitioner's victims, and if a new criminal trial is ultimately allowed, the nearly one-year delay since the Superceding Judgment will make it more difficult to reconstruct the criminal case against petitioner.

While the court appreciates respondent's position, it nevertheless finds that prejudice weighs in petitioner's favor. Through no fault of petitioner's, two of the claims which he presented for meaningful habeas review were never considered by any federal court. Those claims are already fully briefed by the parties, and respondent will be in no worse position now than if the Ninth Circuit had properly remanded the case for further proceedings after rejecting this court's analysis of petitioner's ineffective assistance of counsel claims.

Respondent's principal opposition is based on the almost one-year delay between the filing of the Superceding Judgment and the filing of petitioner's Motion for Relief from the Superceding

8 - FINDINGS AND RECOMMENDATION

Judgment. Under the circumstances, this delay is not unreasonable. During that time period, petitioner was actively pursuing his appeal of the Court of Appeal's decision to the United States Supreme Court, and after denial of his petition for *certiorari,* sought appointment of counsel to pursue his unadjudicated claims. Moreover, the nearly one-year period is not significant in the overall scheme of petitioner's state and federal proceedings.[1] Thus, even assuming petitioner prevails on one or both of his unadjudicated claims and is ultimately awarded a new criminal trial, the State will not be in a markedly worse position for retrial due to the delay.

On the other hand, were the court to deny relief from the Superceding Judgment simply because the Motion was not filed more expeditiously, petitioner would suffer the injustice of forfeiting Grounds Two and Three through no fault of his own.  In this court's view, such a result is unacceptable.

Petitioner should not be penalized based on his inability to file a cross-appeal raising non-existent claims of error. Deciding the two unresolved issues in this action is not counter to the spirit of the Ninth Circuit's Mandate when considering the procedural posture of the case.  While the court should not revisit any final determination on the merits, or otherwise engage in any proceedings inconsistent with the Court of Appeals' denial of

---

[1] The Superceding Judgment was not filed until 2007, 24 years after petitioner's convictions in 1983.

9 - FINDINGS AND RECOMMENDATION

petitioner's ineffective assistance of counsel claims, it should provide petitioner with a decision on his claims of trial court error and prosecutorial misconduct.

### RECOMMENDATION

For the reasons identified above, petitioner's Motion for Relief from the Superceding Judgment (docket #154) should be GRANTED. The Clerk of Court should be DIRECTED to REOPEN this case, and this court should address Grounds Two and Three of the Amended Petition (docket #43).

### SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due July 18, 2008. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>2nd</u> day of June, 2008.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION